IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
07/10/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| S.E.C., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-3135-JWL |
| | ) | |
| SAMUEL OLSON, ICE Field Office Director; | ) | |
| MARKWAYNE MULLIN, DHS Secretary; | ) | |
| TODD BLANCHE, Acting Attorney General; | ) | |
| TODD M. LYONS, Acting Director, ICE; and | ) | |
| MISTY MACKEY, Warden, | ) | |
| Midwest Regional Reception Center, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. §
2241, by which she challenges her detention by immigration officials.  For the reasons set
forth below, the Court **denies** the petition.  Petitioner's motion to proceed in this suit using
only her initials (Doc. # 2) is **granted as unopposed**.

In 2002, petitioner was ordered removed to her home country of Guatemala, and
she was in fact removed in 2003.  She entered the United States again illegally, and after
she was convicted of abuse or neglect of a child, she was again removed in 2009.  She
entered again, was convicted of illegal reentry, and was removed again in 2013.  In January
2023, petitioner entered the United States illegally for the fourth time, and she was again
convicted of illegal reentry.  In February 2024, an immigration judge granted her relief

from removal to Guatemala, meaning she could only be removed to an alternate country, and in March 2024, she was released subject to an order of supervision (OSUP). On March 27, 2025, petitioner was detained by immigration officials, and her release was revoked. On April 29, 2025, officials gave notice of an intent to remove petitioner to Mexico, and further removal proceedings were initiated. Petitioner applied for relief from removal to Mexico, but on November 3, 2025, an immigration judge denied the application. Petitioner appealed that decision to the Board of Immigration Appeals (BIA) in December 2025, and that appeal remains pending. On May 18, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the petition, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that her continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

The parties agree that because petitioner is subject to a final removal order, her detention is governed by 8 U.S.C. § 1231, which provides for mandatory detention. In her first claim, petitioner contends that her detention for more than six months has become unreasonably indefinite, and that her release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

2

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal. *See id.* at 701.

Petitioner has been detained for longer than six months.[1] Nevertheless, the Court concludes that petitioner is not entitled to relief under *Zadvydas* for a violation of Section 1231(a), as her detention has not exceeded the period reasonably necessary to secure removal. Petitioner was detained for removal to a third country; the Government gave notice of its intent to remove her to Mexico; petitioner opposed removal to that country

---

[1] As petitioner concedes, this Court has previously held that the relevant six-month period under *Zadvydas* runs from the date the petitioner's present period of custody began. *See, e.g.*, *Liu v. Carter*, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) (rejecting the argument that the six-month presumptively-reasonable period of detention under *Zadvydas* does not restart upon detention of an alien previously released on an OSUP).

unsuccessfully in immigration court; she is now appealing that denial; and the Government is not able to proceed with any attempts to remove her while her application for relief remains pending with the BIA.  Detention during such litigation is not unreasonably indefinite, as the proceedings that are preventing her removal will be resolved.  This is not a case in which removal proceedings have concluded and the Government has been unable for a period of time to effect removal.  Accordingly, detention still serves the purpose of securing petitioner's removal.  As the Tenth Circuit and other federal circuits have concluded, delay caused by such legal proceedings does not make an alien's detention unreasonably indefinite under the *Zadvydas* standard.  *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (rejecting a claim under *Zadvydas* where the detention was neither indefinite nor potentially permanent, as the delay was associated with a challenge to a removal order that had a definite termination point); *G.P. v. Garland*, 103 F.4th 898, 902-03 (1st Cir. 2024) (following every circuit to have considered the issue in rejecting a *Zadvydas* challenge to post-removal-period detention during withholding-only proceedings) (citing cases).

Petitioner has not explained why the conclusion of those courts is not applicable here.  She argues that her case is distinguishable because she has already won a withholding of removal to her native country, but that distinction is not material, as in her case also removeability generally is not unresolved, and any delay results from legal proceedings, not the Government's inability to remove her.  Petitioner insists that she will win her BIA appeal, but that does not mean that her present detention is not still for the proper purpose

of securing her eventual removal.  Accordingly, the Court denies petitioner's claim for a violation of Section 1231(a) under *Zadvydas*.

Second, petitioner claims that officials violated applicable regulations in revoking her release.  Petitioner contends that she was not given proper notice of the reasons for the revocation, nor was she granted the required informal interview to allow her the opportunity to respond to those reasons.  *See* 8 C.F.R. § 241.13(i)(3).  The Government does not dispute that petitioner did not receive such an interview.  An immigration official states in a declaration that on the date of her detention petitioner was served with a notice of revocation based on changed circumstances, although the official has not provided any corroborating documentary evidence (such as the notice itself); while petitioner states that she does not recall receiving any such notice.  Even if officials did violate the regulation requiring notice and an interview, however, those violations do not entitle petitioner to release as requested, as petitioner has failed to show any significant prejudice from those violations.  *See Qui v. Carter*, 2025WL 2770502, at *2 (D. Kan. Sept. 26, 2025) (Lungstrum, J.) (non-compliance with interview requirement did not warrant release where petitioner failed to show that the lack of an interview prolonged his detention or caused him particular prejudice).  Petitioner argues that these violations resulted in her detention, but she has not shown that she would have been released if she had received notice and an interview.  Petitioner has had ample opportunity to object to her detention and her removal, including in custody determinations and in her removal proceedings (and by these habeas proceedings).  The Court therefore denies petitioner's claim based on those alleged regulatory violations.

The Court also rejects petitioner's claim that officials violated 8 C.F.R. § 241.13(i)(2) by failing properly to determine, based on changed circumstances, that there was a significant likelihood that she could be removed in the reasonably foreseeable future. *See id.* As this Court has ruled, revocation of release may be justified under this regulation by a change in circumstances since that time. *See, e.g.*, *Ehie v. Midwest Reg. Reception Ctr.*, 2026 WL 947900, at *2 (D. Kan. Apr. 8, 2026) (citing *Qui*, 2025 WL 2770502, at *4). Since petitioner's detention, officials have given notice that they intend to remove petitioner to Mexico as an alternative third country; and respondents have submitted evidence that Mexico commonly accepts aliens from Guatemala, without the need for a travel document, in cooperation with the Government's removal efforts, and that such aliens are regularly removed to Mexico with little difficulty in a matter of weeks. Accordingly, the Court denies this claim.

Third, petitioner claims that her continued detention without a bond hearing violates due process. 8 U.S.C. § 1226(a), which applies prior to issuance of a final removal order, allows for possible release on bond; but as noted above, petitioner is subject to a final removal order, and she is therefore detained pursuant to Section 1231, which mandates detention. Petitioner argues nevertheless that the Court should apply a multi-factor balancing test to determine whether due process requires that she be given a bond hearing because of an unreasonably prolonged detention.

This Court has applied such a test in considering due process claims by criminal aliens detained pre-final-removal-order under 8 U.S.C. § 1226(c). *See, e.g.*, *Soto Vilchez v. Blanche*, 2026 WL 1978620, at *2-3 (D. Kan. July 9, 2026) (Lungstrum, J.). The Tenth

Circuit has not decided whether a petitioner detained under Section 1231 may assert such a claim under due process despite failing to show an entitlement to relief under *Zadvydas*. The Court agrees with the Fourth Circuit, however, that if a petitioner cannot satisfy the Supreme Court's test from *Zadvydas*, there is no due process violation except in an exceptional case, and that that standard is not met in the case of a petitioner whose detention has been extended because of withholding-only proceedings in the immigration courts and not because of bad-faith or dilatory conduct by the Government. *See Castaneda v. Perry*, 95 F.4th 750, 760-62 (4th Cir. 2024). Again, in this case petitioner's detention is still justified by the proper purpose of securing removal, and that detention has not become unreasonably prolonged in light of that purpose.

Moreover, even under the test applied by this Court in Section 1226(c) cases, petitioner would not be entitled to relief, as petitioner's eventual removal is certain, in light of the final removal order; petitioner's application failed before the immigration judge; and petitioner's appeal to the BIA has not been unreasonably prolonged. *See Soto Vilchez*, 2026 WL 1978620, at *2-3 (applying the factors to similar facts). The Court therefore denies this claim as well.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed in this suit using only her initials (Doc. # 2) is hereby **granted as unopposed**.

IT IS SO ORDERED.

Dated this 10th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

8